JUN 24 2026 PM4:13
FILED - USDC - FLMD - TPA

In The United States District Court

Middle District Of Florida

## Tampa Division

Arthur Edward Smith, Plaintiff

**VS.**

Case No. 8:26-CV-1845-WFJ-NHA

Defendant 1: Turo Inc. ( a Deleware Corporation);[1]

Defendant 2: Keith Natale Garret ( an individual Florida

Resident & LLC.);[2]

Defendant 3: Wells Fargo Bank, N.A.(a South Dakota

Corporation);[3]

*-Jury Trial Demand-*

## I.  *Civil Complaint And Motion For Restraining Order*

**Comes Now,** the plaintiff Arthur Edward Smith pro'se and civil victim of defendant's Turo Inc.; Keith Natale Garret; and Wells Fargo Bank N.A. And as such, pursuant to the Federal Rules of Civil procedure and other applicable law. Moves this competent Court of jurisdiction, in the above style cause. Whereas, predicating the *redress* sought, on the advanced meritorious cause(s) of actions herein.

---

[1] As appertaining to its role as the 'middle man' therein the civil conspiracy, as advanced herein the complaint.
[2] As appertaining to its role as the 'front man' therein the civil conspiracy, as advanced herein the complaint.
[3] As appertaining to its role as the 'extorter/enforcer' therein the civil conspiracy, as advanced herein the complaint.

1 of 15



## II. **Preliminary Statement**

Accordingly, the basis in which plaintiff predicates grounds for the sought remedial redress. Is properly based on all three defendant's (in the form natural persons, as representative of the (in)actions of the corporations herein) collective instigation, of [i]ts pre-existing and violative re-practiced financial scheme[4], to unyieldingly effect the underlying tort of *fraud* against the plaintiff, in order to permanently deprive him of a certain falsely accused owed monies.

Despite, plaintiff properly and rightly having instituted two(2) sequentially seperate[5] disputes. Whereby *disputing,* the post transaction claim ( with competent and substantial evidence)...as outright fraud. Instead, defendant #3 continued to not recognize and thus honor, the facts and evidence. That supported plaintiff's position of being exculpatory of the accused debt. And rather reflecting on plaintiff's ten consecutive year[6] 'good standing' account history. In which also, never had any issue, even remotely comparable of, the afore-complained. And irrespective, plaintiff having instituted a formal complaint on May 17, 2026-with the Office of the Comptroller of the Currency (OCC). Whereas, seeking *'remedial redress',* as to how, the monies at issue, remained a life hardship attached to my very *life facilitating* checking/debit account. Even, after doing what applicable policy and procedure necessitated.

While also all three(3) defendant's intentionally *slow dripped* intentional infliction of emotional distress. By repeatedly submitting the false claim as coercion, until the claim is outright payed. And due to. Plaintiff having *stood his ground* against, the methodically inflicted extortion-couched and falsified as legitimate banking. Therefore as an immediate injury to the plaintiff. Defendant 3-Wells Fargo Bank N.A. virtually forecloses his ability to bank); and defendant 1-Turo Inc. (foreclosed his ability to rent a car).

Moreover, in furtherance of the conspiracy. The aforesaid conspirators, maliciously and beneficially...CLOSED plaintiff's account on May 20, 2026. Consequently, it would be the plaintiff's reasonable belief. That, defendant 3 have or will falsely *trigger* the applicable money recovering mechanisms with the FDIC,

---

[4] The CFPB ordered Wells Fargo to pay 1.7B. In large part, due to 'defendant 3 unscrupulous financial practice...exactly on the lined of what effected on the plaintiff. Nonetheless. See **CFPB 2022 Consent Order.**
[5] Formal and Formidable.
[6] See Exhibit A (recognition of tenure engraved on Wells Fargo Bank issued to plaintiff, debit card.

2 of 15

or other agency designees, in order to permanently effect, the initially intended objective of the conspiracy. Furthermore. At the same time, their conspiracy methodically evolved...to the malicious stage of inflicting more reputational and financial damage -through the internationally designated systems such as ChexSystems and the International Committee on Credit Reporting (ICCR). Whereas, it is this legal portion of plaintiff's complaint, in which he seeks *injunctive relief*. Along with the judicial ordering def 3 to expeditiously *'re-open'* plaintiff's bank account; remedially rescind the procedures, as appertaining to the fraud at issue; falsely reporting plaintiff to the abovesaid. Because, if those reporting action(s) ensued. Such, could be irreparably harmful, to the plaintiff's financial apparatus and thus, his life.

### III. Requisite Jurisdiction As Comporting With 28 U.S.C. 1331

Plaintiff further submits. This court of competent jurisdiction, is statutorily vested by the promulgated authority to judicially adjudicate this civil action of [a] matter. As the matter...directly relates to, and arise from federal statue to the applicable effect...

1) RICO( Racketeer Influenced and Corrupt Organizations Act) 18 U.S.C. 1962,1964; Whereas, 18 U.S.C. 1964 **Civil Remedies (a)** explicitly states...

" **The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in**[7]**ordering dissolution or reorganization of any enterprise; making due provision for the rights of the innocent persons."**[emphasis added].

2) RICO (Racketeer Influenced and Corrupt Organizations Act) 18 U.S.C. 1962, 1964); Whereas, 18 U.S.C. 1964 **Prohibited Activities (c)** explicitly states....

" It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

---

[7] Again. See CFPB 2022 Consent Order.

3 of 15

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise affairs through a pattern of racketeering activity or collection of unlawful debt."

(d) explicitly states...

" It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

## IV. The Parties Officially Listed Contact Information

Plaintiff: Arthur Edward Smith-2000 E. 12th Ave; Tampa/Hillsborough County, Florida 33605. Phone number: (813) 580-7647; honorablesmith@gmail.com).

Turo Inc. An active foreign profit Corporation in Florida (Doc. # F22000001358); Registered Agent- Incorporating Services Limited ( Florida Office) at: 155 Office Plaza Drive Suite A; Tallahassee, Florida 32301. (302) 531-0855; email orders@incserv.com.

Keith Natale Garrett ( an individual Florida resident & LLC; d/b/a 18kt.) Registered agent: Keith Natale Garrett; 1115 E. Twiggs St. Apt# 1209; Tampa/Hillsborough County, Florida 33602. (413) 247-9972; email unavailable.

Wells Fargo Bank, N.A.( a registered South Dakota Corporation); Registered Agent: Corporation Service Company ( Florida Office) at: 1201 Hays St. Tallahassee/Leon County, Florida. 32301.

## V. Cause Of Action

### (Rico/ Civil Conspiracy)

### Statement Of Claim(Factual Allegations):

**As To Defendant Keith Natale Garret, Conspiratorial Role As The *'Front man'*; And His *'Overt Act(s)'*...In Furtherance Of The Conspiracy.**

1) On or about December 04, 2025. Plaintiff had re-established his driving privilege status, as being valid. And being that plaintiff had not driven in quite sometime, I was excited about doing so. So...upon being co-influenced by the many on-line Turo Inc. commercials. I downloaded the app...and gave it a try.

2) On December 13, 2025, while on board the Turo app. Plaintiff suitably selected a car & car rental arrangement from whom has come to be known as Keith Natale Garret of...1115 E. Twiggs St. Tampa, Florida 33607. ( See Trip Receipt/Invoice attached as Exhibit D).

3) As scheduled, on December 14, 2025 at 2:00 pm. Plaintiff picked-up defendant 2 vehicle at the designated location. Immediately exiting the parking garage at approximately 2:07 and commenced driving at an increased speed. I felt a slight *'pull force'* from the front wheel side. At approximately 2:10 pm. I pulled over and inspected the said area. As a result of carefully inspecting the right front tire. I observed what was evident to be, a pre-existing nail or some sort, protruding from the right-front tire. ( See proximate taken photo attached as Exhibit E).

4) Because, the tire in question remained inflated, and appeared otherwise harmless. I merely, took photo(s) just in case of the actualized *'here you go'* dishonesty. I then continued on, with my joy and enjoyment of the vehicle. (See Same precedent photos ).

5 of 15

5) Also per the written agreement. On December 17, 2025...right at 2:00 pm. Plaintiff and his friend-riding co-guest Stephen Pelaez returned defendant 2 vehicle to the same as pick up location.

6) Within 7-10 minutes. Plaintiff and Mr. Pelaez gathered our *effects* from the interior and trunk of the vehicle.[8]And upon completion, both performed a counter-to-each other 360 degree inspection of the vehicle. And our observation was. The only altered condition of the vehicle was...the pre-existing tire situation, Irrespective, the tire at issue, remained adequately inflated and operative, at the time of return.

7) Approximately 17 minutes subsequent to returning def 2 vehicle to the designated location. Plaintiff got a text from the said...as evidently having activated his *'front man'* conspiracy role, by meaningfully instigating, the initial stage of the overall intent of the rico conspiracy-to steal and deprive plaintiff of his money of $ 170.69 U.S. currency.

8) Consequently, at 2:27 pm. Defendant 2 texted...[9]" **Hi Arthur, I sent you an invoice for expenses from your trip. Please accept and pay through Turo as quickly as possible. Thank you,"**

9) ( Start of plaintiff's disclaimer and affirmative defense) " **What expenses? Filled tank to brim, washed car and stayed under $600 miles!!![sic].[10]**

10)     Defendant 2 retorted..."Tolls....You also ran over nail in the right tire."

11)     Plaintiff further disclaimed responsibility to the following emphatic effect..." that[expletive]right tire was already an issue. You can miss me with the after-the-fact 'crackhead ass' games!"(See Exhibit F's attached here to)

---

[8]..It would be plaintiff's good faith belief. They didn't leave car and parking garage no sooner than 2:10 pm.
[9].For purposes of this action; arguably qualifying as an elemental requisite 'overt act'... to form, the civil conspiracy.
[10].Meant: 600 miles...not dollars.

12) " I was 100[11] with the transaction. If you cause any due[12] [sic] liabilities to my finances or reputation via Turo or any other venue. I will invoke legal action against you almost as immediate, as the invocation of your farcical claims!"

13) with dispositive finality (albeit substantively contradictory to the uncontroverted photographic evidence) and in a *'res gestae'* manner, Defendant 2 proclaimed the following....

" You returned the vehicle with these alerts. Upon seeing this, **I immediately checked the tire and there was a nail [in the sidewall]. I documented all of this".** (See transcription of text and attendant photo(s) Exhibits : F

14) Wherefore, based on all the foregoing with respect to defendant 2 involvement with the plaintiff. The complained of...was undoubtedly committed/performed...in furtherance of the civil conspiracy. Whereas, plaintiff having sufficiently stated a claim for which relief may be granted.

**As To Defendant Turo Inc. Conspiratorial Role As The *'Middle Man';* And Its/Their *'Overt Act(s)...* In Furtherance Of the Conspiracy.** ( Statement of Claim continues from point 14).

15) For starts. Obviously Defendant 1 Turo Inc. and its rental car platform...is the epic-center of the conspiracy. Clearly, without their rental car mechanism, the sort of conspiracy outlined herein , could not transpire.

16) However, that very structure of the conspiracy. Instrumentally, puts Turo Inc....right *slap* between the *starter* and the *finisher* of the conspiracy. That would be, *the front man and the enforcer/extorter.*

17) Therefore. Upon proper information and belief, Plaintiff would advance. Even under totally lawful operational protocols and procedures. The respective host

---

[11] Completely on the up...&...up.
[12] Meant: 'undue'

whom car gets transactional rented. In turn, has to report such to defendant 1. Due to its *'agent to principal'* business relationship. And when such occur...the agent relies on Turo to submit the fradulent charge to the renters respective financial institution.

18) And irrespective of how many times it takes. Because, the understanding with the financial institution is...even in cases, where the account holder...instigates a dispute/challenge. The *provisional credit* in which is readily effected...is merely perfunctory. And when the *dust* settles, all conspirators will receive and ultimately retain, [i]ts share of the unlawful *cut*.

19) Thus, on or about December 22, 2025. Turo Inc. submitted the initial fraudulent charge from Defendant 2-the generator of the fraudulent charge;

Furthermore, irrespective the plaintiff having filed a formal and formidable dispute as to the claimed...on or about February 01, 2026 Turo Inc. resubmitted the fraudulent charge; and

Irrespective of the plaintiff having re-disputed the same charge at issue. On or about, March 17, 2026 defendant 1/Turo Inc. resubmitted the fraudulent charge. Wherefore, qualifying as [i]ts elemental requisite *'overt act(s)*...in furtherance of the conspiracy.

20) Wherefore, based on all the foregoing with respect to defendant 1 involvement with defendant's 2&3. The complained of...was undoubtedly committed/performed...in furtherance of the conspiracy. Whereas, plaintiff having sufficiently stated a claim for which relief may be granted.

**As To Defendant Wells Fargo Bank N.A., Conspiratorial Role As The '** *Extorter/Enforcer'*; **And Its/Their** *'Overt Act(s)'***...In Furtherance Of The Conspiracy** (Statement of Claim continues from point 20).

21) As alluded to earlier. Obviously, due to Wells Fargo Bank N.A. unique and very societally vital existence as a major centralized financial institution. And on that same note. Such vitalness is intricately and exclusively, intertwined with core life

8 of 15

Essentials (e.g. employment; housing; transportation; lending/credit; food; bills; travel etc.). Because of that, banks inherently wield enormous legitimate leverage and control directly over its customers *life going ons.* Particularly, when the aforesaid is linked to the customer's checking account and thus debit card. Such control can, also enforce and unlawfully extort non-owed monies in any structure...of a financial scheme to defraud.[13]

22) Presumptively, as was the case to conspire to defraud the plaintiff from December 13, 2025. When the plaintiff initiated utilization of Turo Inc. services through its agent/host Keith Natale Garret.

23) On or about December 25 2025. Defendant 3/Wells Fargo N.A....as evidently having activated [i]ts 'extorter/enforcer' conspiratorial role. By improperly permitting defendant 2 to fraudulently deprive $170.69 from plaintiff's account ending 8754.

24) On or about December 27, 2025. Plaintiff concisely explained to Wells Fargo Bank customer service. That, all money in which was lawfully due, was *debit* paid to Turo Inc./ host in full. ( See Exhibit D 'Trip Receipt'on pg.2). As affirmatively declaring..." **You Paid visa $151.52 \*\*\* \*\*\* \*\*\* \*\*\*2294 on Sat Dec 13".**

25) The paid $151.52 comprised of the trip price; trip fee; minimum coverage and applicable taxes. And such was *debit* paid at the initial and final stage of the transaction.

26) And moreover. Any claim of [a] post transaction debt...*flowing* from post transactional fees. Would qualify as an independent civil court matter, to be

---

[13] Federal law explicitly states " Whoever knowingly executes, or attempts to execute, a scheme (2) to obtain moneys, funds, ... credits, under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises; shall be imprisoned not more than 30 years (cited in pertinent part).

pursued by defendant 1 or/and defendant 2. That said. It is not the proper role of [a]ny bank, to....essentially extort monies owed or not, on behalf of [a] merchant(s). Nor, can it assume enforcement of a matter, that is not bank-wise enforceable.

27) As usual. On same said above date. Defendant 3 readily issued a *'provisional credit'* for claim ref# 2512260038978. Irrespective, plaintiff still demanded evidentiary proof, for allowing the payment in dispute.

28) Despite federal and state law, as too bank regulations, requiring such. And that is, to the standard of *'competent and substantial'* evidence. Instead of taking a merchant *word* only, as to an alleged owed amount from a customer. It goes without saying, defendant 3 did or provided nothing of the sort. Eventhough, plaintiff provided them with all the same evidentiary documents, as he has attached to the complaint. (Inclusive of all the attached hereto exhibits: A-J)

29) Again. On or about February 03, 2026 . Defendant 3 summarily honored Turo Inc./host second resubmission of the same complained of...fraudulent and unlawful $170.69 claim. And as a consequence, [i]t entered a reversal of the issued *'provisional credit'*.

30) On or about February 05, 2026. Plaintiff re-contacted Wells Fargo Bank N.A. customer service and concisely rehashed his initially argued basis, that the money at issue...is the result of outright fraud, as relentlessly effected by Turo Inc. and/or its agent/host Keith Natale Garret. Whereas, plaintiff went on to further....*" but, due to your deviations from/and non-adherence to prevailing norms...and other attendant circumstances. It reasonably seems...***you're in on it, too."***

10 of 15

31) Rather than offer any plausible rebuttal to plaintiff's well-founded allegation of it being part of a conspiracy. Instead, it re-issued another *provisional credit* in the full amount. But before doing so, it admonished, " sir, you would ultimately be responsible for the debt. And should it's not paid...your account and debit card would be *'Closed On'*.

32) On March 20, 2026, defendant 3. As evidently having activated its/their conspiratorial role. By preliminarily making good on its extortional position. And as a consequence, reversing [i]ts final issuance of the otherwise, perfunctory *provisional credit* . And due to plaintiff's account then having an *available balance* of $ 5.53. In turn, such positive balance was overtaken and converted into a negative balance of -$165.16[14] As comprising, the remainder of the fraudulently accused debt. Albeit, account had yet to be *'Closed On'*.

***Other Ancillary Factors; Turn Of Events And Reliable Indicia. As Qualifying Wells Fargo Bank N.A. Unwarranted Closure Of Plaintiff's Account, As having Been, Maliciously And Beneficially Committed In Finality Of The Conspiracy.-***

33) On or about February 20, 2026. Due to self-terminating his employment one week earlier. Plaintiff received his final/last direct deposit pay from Burger King-QD  via the checking account at issue, ending in 8754. Thus, defendant 3 was familiar with *'direct deposit'* having been associated with plaintiff's account. And therefore, then was practicing proper protocol as to administering and the remittance of work earnings therto.

34) Now going back to March 20, 2026-the operative date of Wells Fargo final reversal of the otherwise  perfunctory *' provisional credit'*. As too, plaintiff's continued...refusal to be extorted.

---

[14] When plaintiff renewed his dispute of the *reversal*. Rather than proceeding like the previous times. Defendant 3 countered with prevarication and *talk* in which was indicative of foreclosure of the matter.

11 of 15

35) Irrespective. On March 09,2026, defendant 3 emailed an otherwise covert coercive notice. That my deposit was overdrawn by 20 days and how I urgently needed to pay the $165.16, at issue. (**See reference** *email* **as Exhibit G attached hereto).**

36) Consequently, on May 11, 2026. Plaintiff was hired by an employer that utilizes direct deposit service. Thus, plaintiff elected to use such and provided proper routing and account numbers.**(See Exhibit H as attached hereto).**In turn, employee electronically forwarded the requisite notice and attendant information to defendant 3-Wells Fargo Bank N.A.

37) The next day. Plaintiff commenced work as a full time employer. As such, plaintiff was due to be paid, at the next pay period. Thus in accordance with the employer's designated '*payroll day*', the employer submitted the plaintiff's earnings[15]·As routine practice has it. Deposits from this employer are consistently available, next day by 6am. Which was May 20, 2026.

38) Upon completing the work day of May 20, 2026 at 6:30 p.m. At 7:49 p.m. Plaintiff accessed a Wells Fargo ATM to access-what was reasonably expected to be available payroll earnings of mine. Instead, plaintiff dejectedly discovered, the *available balance* amount was $0.00.**( See ATM Receipt as Exhibit I attached hereto).**

39) The funds was more reliably expected...than needed. Eventhough, they were much needed. Albeit it seems, all integral commercial components involved (plaintiff's employer; employer's bank; the Automated Clearing House (ACH) and the Electronic Payments Network (EPN) in the depositing of plaintiff's employee earnings. Did operatively perform its procedural/statutory obligation. Except-

---

[15]·Which was the first of such from this employer...and was much needed. Whereas, plaintiff had depleted the last check...and family & friends had assisted him to what was expected to be payday. But, their already limited resources, could not extend further assistance. As a consequence, plaintiff lost that satisfactorily good paying ·job, in which he was on a *waiting list* for.

12 of 15

defendant 3 Wells Fargo Bank N.A. And here's where defendant 3 widely deviant, failure to perform consistent w/ the above said...becomes culpably troublesome, on different fronts e.g....

1) On or about May 12, 2026. Wells Fargo Bank N.A. was noticed by official means-by a legitimate employer (and independent of the employer). That, the bank account at issue, would essentially be re-receiving regular deposits of gainful *money*;

2) As holding to official business. On May 19, 2026. Plaintiff's Wells Fargo account received employment earnings for the plaintiff in the amount of $489.32. Instead...of keeping with its RDFI ( Receiving Depository Financial Institution) obligation. It so to speak, overlapped the already underlying scheme to conspire, to defraud...with other integral wrongdoings. To wit: wrongfully withholding access to the said $489.32, solely belonging to the plaintiff; falsifying the bank records to cover up the withholding-by claiming the deposit at issue came on May 22, 2026, post the closure of the account.

40) And adding insult to injury. Plaintiff...in a *business as usual* manner. Was notified by email that same day. That his account was Closed On. Even despite defendant's own affirmative statements contained in the email...strongly inferred. Or at a minimum, contemplated...should money come into the account. By whatever which means. The matter would remain subject to due process allowances and thus, the account would remain in operation. But **NOOOOOO!** That farce had ran its course. And as being, the plaintiff account was the next... *pitch and ball up*! Thus, it was covertly due. That they *position 3rd base*, to score the intended *home run,* of the originally intended commission of fraud, upon plaintiff.

41) Wherefore, based on all the foregoing with respect to defendant 3 involvement with defendant 1(as inextricably w defendant 2)...was undoubtedly committed in furtherance of the conspiracy. Whereas, plaintiff have sufficiently stated a claim for which relief may be granted, albeit pro'se.

---

16.ª Re-receiving in terms of the account just was receiving *direct deposits* from his previous employer.

17.ᵇ This was prevaricated by Wells Fargo customer service dept. When plaintiff had called almost Immediately calling them *out* on their scheme.

13 of 15

## VI. *Damages*

**Wherefore,** due to all of he foregoing complained of herein plaintiff's '*Civil complaint & Motion For Restraining Order'*, as appertaining to the sole advanced cause of action therein. Undeniably, plaintiff has suffered/sustained damages...and thus can meet the standard of the elemental requisite, for *damages*, to the following averments (but not limited to).

Thus, plaintiff equitably and rightly seek compensation in the form of *compensatory damages*...in the form of economic and non-economic damages. And seeking such in an inarguably reasonable time frame. That is, between at date of his filing the complaint-and-finalization of the conspiracy. Would qualify, as plaintiff having met his legal duty, to mitigate, the losses for the defendant's.

### As To Economic Damages:

As Plaintiff's competent showing that his suffered loss of employment and thus loss of complete income. Amounts to the sort of <u>damages</u> that are 'actual', 'substantial' and continue to accrue, albeit recoverable. Therefore, from pay period of May 25-30 2026. Plaintiff has suffered the very credible income losses in the amount of $ 1,217.24. **( See Exhibit K-Payroll Check & Paystub)** And continued to suffer the loss of $1,217.24, for the pay periods of.....

June 1-5 2026;

June 8-12 2026;

June 15-19 2026;

June 22-26 2026;

For a total grand amount of <u>**$ 6,086.20**</u> (not counting statutory allowance for total to be trebled.

### As To Non-Economic Damages:

Moreover, plaintiff has also suffered the non-economic damages (albeit equally worthy of financial compensation). In which qualify as *emotional distress;*

14 of 15

*pain and suffering; loss of consortium; loss of enjoyment of life.* Irrespective, plaintiff hereby aver all said damages, continue to accrue[1]and occur.[2]

### VII. Conclusion And Jury Demand

Accordingly, plaintiff substantively submits, his *statement of claim*, makes the requisite showing that he is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)(quoting Fed. R. Civ. P 8(a)(2). Because, Plaintiff's complaint "give the defendant fair notice of what the ...claim is and the grounds upon which it rests". See Bell v. ATL Corp v. Twombly, 550 U.S. 544, 555(2007). And furthermore, the generously provided competent and substantial evidenc supplied as exhibits ( attached thereto the complaint)...is the sort of *"further factual enhancement"*[3] in which precludes dismissal.

In The Pursuit Of Justice.[4]

06/24/ 2026

---

[1] As to the economic damages.
[2] As to the non-economic damages.
[3] See Iqbal 556 U.S. at 678
[4] " Book' em Dano !

15 of 15